**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TRANSPORTATION MANAGEMENT    *
SERVICES, INC.,

       *

        Plaintiff,

       *

       v.

       *

ANDREW RIPANI, *et al.*,               Case No.: 1:25-cv-00135-ABA

       *

        Defendants.

       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR ALTERNATE SERVICE**

Plaintiff, Transportation Management Services, Inc. ("TMS") by and through undersigned counsel, respectfully moves for an Order permitting alternate service of process upon Defendants Timothy Gerrity ("Mr. Gerrity") and Tailtiu Event Services ("Tailtiu") pursuant to Federal Rule of Civil Procedure 4(e) and Maryland Rule 2-121(c), and states as follows:

1.       Tailtiu is incorporated in Colorado. According to the Colorado Secretary of State, as January 15, 2025, Tailtiu is in good standing, the principal office street address is 1313 Mayfly Drive, Montrose, CO 81401 ("Mayfly Drive"), the principal office mailing address is 1285 Chipeta Road, Montrose, CO 81403 ("Chipeta Road"), and the Registered Agent is Eric Carroll ("Mr. Carroll") at the Mayfly Drive and Chipeta Road addresses. (Exhibit A.)  (Exhibit B.)[1] Mr. Gerrity is listed in the filings at the Woodstream Ct. address. (Ex. A at 1.)

---

[1] Exhibit B is a July 2025 capture of the Contact page of the website of Tailtiu Event Services.

2.      All attempts to serve Mr. Carroll at both addresses have been unsuccessful. [2]

3.      All attempts to serve Mr. Gerrity at the Woodstream Court address have been unsuccessful.

4.      In addition to the many attempts at the physical addresses of Mr. Gerrity and Tailtiu, undersigned counsel has emailed Mr. Gerrity at tim@tailtiu.com, requesting waiver of service and the contact of his attorneys. [3] To date, Mr. Gerrity has not responded or indicated that he is represented by counsel.

5.      The following is a list of the multiple attempts of service on Tailtiu and Mr. Gerrity.

a.      On August 18, 2025 at 4 p.m., process server David Mills attempted service upon Tailtiu at the Mayfly Drive address and was told that neither Tailtiu nor Mr. Carroll, the Registered Agent, were associated with that address.  (Exhibit C and Exhibit D.)

b.      On August 18, 2025 at 4:45 p.m., Mr. Mills attempted service upon Mr. Carroll at the Chipeta Road address and was told by the female tenant that Mr. Carroll was not associated with that address.  (Ex. C.)  David Mills had previously been told by the female tenant that she did not know Mr. Carroll.

c.      On August 21, 2025 at 11:00 a.m., Mr. Mills attempted service upon Mr. Carroll at 126 Ryegrass Ct., Montrose, CO, 81401 a possible alternate address for Mr.

---

[2] Before the attempts to serve the Amended Complaint and all filings in this case upon Mr. Carroll, TMS attempted service of a subpoena duces tecum on Mr. Carroll.  (Ex. D.) All attempts to serve Mr. Carroll, at both the Chipeta Road address and the Mayfly Drive address have been unsuccessful.

[3] A review of communications from Defendant Andrew Ripani while he was employed with TMS, shows that he regularly used the address of tim@tailtiu.com to communicate with Mr. Gerrity.

Carroll.  Mr. Mills was told by the male tenant that Mr. Carroll was not associated with that address. (Ex. C.)

d.       On August 15, 2025 at 3:40 p.m. attempted service upon Mr. Gerrity was made at Woodstream Court. This address is within a gated community. Mr. Gerrity's name was not on the gate directory. Access was not acquired. The process server waited from 3:40 p.m. to 3:50 p.m. (Exhibit E.)

e.       On August 16, 2025 at 9:51 a.m. attempted service upon Mr. Gerrity was made at Woodstream Court.  This address is within a gated community. Mr. Gerrity's name was not on the gate directory.  Access was not acquired. The following was observed: window shades were closed; security cameras were on the property; a video doorbell was on the property; and a locked gate proceeded the front door. The video doorbell was activated. No response was received at the door. No activity was observed or heard. No vehicle was observed. No response was received from the neighbors. The process server specifically stated, referring to the attempts in late June through early July 2025 of service of the subpoena duces tecum, "the property remains unchanged from previous attempts." (*Id.*) (*See, also,* Exhibit F.)

f.       On August 18, 2025 at 6:51 p.m. attempted service upon Mr. Gerrity was made at Woodstream Court. This address is within a gated community. Mr. Gerrity's name was not on the gate directory. Access was not acquired.  The process server waited from 6:51 p.m. to 7:03 p.m. (Ex. E.)

g.       On August 19, 2025 at 2:45 p.m. attempted service upon Mr. Gerrity was made at Woodstream Court.  This address is within a gated community. Mr. Gerrity's

3

name was not on the gate directory. The same observations were made as the attempt on August 16, 2025: the window shades were closed; security cameras were on the property; a video doorbell was on the property; and a locked gate proceeded the front door. The video doorbell was activated. No response was received at the door. No activity was observed or heard. No vehicle was observed. No response was received from the neighbors. (*Id.*)

h.      On August 20, 2025 at 7:04 a.m. attempted service was made upon Mr. Gerrity at Woodstream Court. This address is within a gated community. Mr. Gerrity's name was not on the gate directory. Access was not acquired. The process server waited from 7:04 a.m. to 7:14 a.m. (*Id.*)

i.      On August 26, 2025 at 8:13 p.m. attempted service was made upon Mr. Gerrity at Woodstream Court. This address is within a gated community. Mr. Gerrity's name was not on the gate directory. Access was not acquired. The process server waited from 8:13 p.m. to 8:23 p.m. (*Id.*)

j.      On August 27, 2025 at 5:58 a.m. attempted service was made at upon Mr. Gerrity Woodstream Court. This address is within a gated community. Mr. Gerrity's name was not on the gate directory. Access was not acquired. The process server waited from 5:58 a.m. to 6:08 a.m. (*Id.*)

6.      Federal Rule of Civil Procedure 4(e)(1) allows for service by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Under Maryland Rule 2-121(c), the court may order any other means of

service that it deems appropriate in the circumstances and reasonably calculated to give actual notice.

7.    Plaintiff requests that service be ordered upon Defendant Tailtiu by mailing the Summonses, Amended Complaint and related filings to Mayfly Drive, Chipeta Road and Woodstream Court and by email to tim@tailtiu.com, and requests that service be ordered upon Defendant Mr. Gerrity by mailing the Summons, Amended Complaint and related filings to Woodstream Court the Summonses, Amended Complaint and related filings and by email to tim@tailtiu.com.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant the Motion for Alternate Service and 1) order service of process upon Tailtiu Event Services by mailing the Summons, Amended Complaint and related filings by regular mail, postage prepaid to 1313 Mayfly Drive, Montrose, CO 81401, 1285 Chipeta Road, Montrose, CO 81401, and 10820 Woodstream Court, Las Vegas, NV 89135, and by email to tim@tailtiu.com; and 2) order service of process upon Defendant Timothy Gerrity by mailing the Summons, Amended Complaint and related filings by regular mail, postage prepaid to 10820 Woodstream Court, Las Vegas, NV 89135, and by email to tim@tailtiu.com.

Respectfully submitted,

/s/ Jennifer L. Curry, Esq.
Jennifer L. Curry, Esq., Bar No.: 29038
jcurry@bakerdonelson.com
Gillian Felix, Esq., Bar No.: 21717
gfelix@bakerdonelson.com
BAKER,    DONELSON,    BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, MD 21202
(410) 862 – 1183 (Phone)
(410) 547 – 0699 (Fax)

*Attorneys for Transportation Management Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  8th day of September, 2025, the foregoing was served upon all parties through their counsel of record via this Court's CM/ECF system.

/s/ Jennifer L. Curry, Esq.
Jennifer L. Curry, Esq.