**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TRANSPORTATION MANAGEMENT SERVICE, INC.,<br>*Plaintiff*,<br>v.<br>ANDREW RIPANI, *et al.*,<br>*Defendants*. | Case No. 25-cv-135-ABA |

## MEMORANDUM OPINION AND ORDER

On January 14, 2025, Plaintiff Transportation Management Service, Inc. ("TMS") sued Defendants Andrew Ripani and Charter Up,[1] alleging that Mr. Ripani stole confidential information from TMS—his former employer—and shared it with Charter Up—his new employer, and a competitor of TMS. ECF No. 1. Defendants filed an answer on March 7, ECF No. 10, and discovery began after the Court entered a scheduling order on June 2, ECF No. 31. Plaintiff subsequently filed an amended complaint, ECF No. 40, which Defendants answered, ECF No. 42. On March 16, 2026, the Court stayed the proceedings so that the parties could pursue mediation. ECF No. 60. The Court lifted that stay on June 18. ECF No. 62. Plaintiff filed a motion for sanctions the next day. ECF No. 63.

Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 37(e) related to unproduced text messages from the personal cell phone of Mr. Ripani. ECF No. 63. Mr. Ripani claims that, at some unspecified date, all of his text messages that were from

[1] Plaintiff also sued Tailtiu Event Services, Inc. and Timothy Gerrity. Those claims were dismissed pursuant to a stipulation of dismissal on August 20, 2026. ECF No. 73.

prior to December 2024 and relevant to these proceedings disappeared from his device. ECF No. 72 at 5. The parties dispute whether or how that occurred. *Compare id.* (explaining that Mr. Ripani represents that his messages disappeared as a result of his native messaging application migrating from SMS to RCS); *with* ECF No. 63-1 at 2 (Plaintiff arguing that "Mr. Ripani must have taken intentional steps to delete the text messages"). According to Mr. Ripani's testimony, he took no action with respect to recovering or preserving those messages after he discovered their disappearance. At some point in early 2026, he discovered that certain messages had reappeared on his device.

Plaintiff filed its motion for sanctions on June 19, 2026. ECF No. 63. Mr. Ripani mailed his phone to Epiq eDiscovery Solutions, Inc. ("Epiq") for imaging on July 24, 2026, a month after Plaintiff's motion was filed. ECF No. 79 ¶ 3. Epiq performed a "full file system extraction" of the device on July 28. *Id.* ¶ 4. It then "parsed" the extraction and uploaded all the parsed messages to the e-discovery platform Relativity for review on August 12. *Id.* ¶ 5. That extraction included over 130,000 messages: 121,089 native messages and 14,092 from other applications. *Id.* ¶ 6. Defendants filed their opposition a week later on August 19. ECF No. 72. Plaintiff filed a reply on September 2, ECF No. 75, and a status report on October 26, ECF No. 78.

Epiq authored a report detailing its findings, which is dated November 2. ECF No. 79-1. That report lists 20 "[d]eleted" items, including 17 native messages. *Id.* at 7–8. It is unclear if those items are full conversations or individual messages. Also on November 2, Defendants filed a status report, which included that report. ECF No. 79. Plaintiff filed an additional brief later that same day. ECF No. 80. The Court held a hearing on November 5, 2026, at which Defendant Andrew Ripani testified.

Rule 37(e) governs the available sanctions when a party fails to preserve electronically stored information ("ESI"). The Rule applies only to ESI that "should have been preserved in the anticipation or conduct of litigation," "is lost because a party failed to take reasonable steps to preserve it," and "cannot be restored or replaced through additional discovery." Fed. R. Civ P. 37(e). Therefore, as a threshold matter, if the ESI is not lost or can be restored, then the Rule does not apply. *See* Fed. R. Civ. P. advisory committee's note to 2015 amendment ("[Rule 37(e) applies only when [ESI] is lost. . . . If the information is restored or replaced, no further measures should be taken.").

Here, Mr. Ripani's text messages have been restored. Although there is some question as to the nature of the 20 "deleted" items that are reflected in the Epiq Report, there is no evidence on the record at this time about the nature of those deleted items. Barring further development, then, the record shows that Mr. Ripani's text messages have not been lost and instead have been restored by imaging Mr. Ripani's phone. The Court will therefore deny Plaintiff's motion for sanctions under Rule 37(e).

Because the threshold requirements are not met, the Court does not address here whether Plaintiff has established that it suffered prejudice sufficient for it to be entitled to sanctions under Rule 37(e)(1), or that Mr. Ripani acted with sufficient intent to deprive Plaintiff of evidence sufficient to entitle Plaintiff to sanctions under Rule 37(e)(2). As the Court indicated at the November 5 hearing, Plaintiff has likely articulated that it suffered prejudice litigating under an understanding that Mr. Ripani's messages were not recoverable. The record reflects that Mr. Ripani was aware of the issue regarding his messages as early as December 2024, and that issue was communicated to Plaintiff in discovery. And yet, Defendants did not image Mr. Ripani's

phone until July 2026, likely in response to Plaintiff's motion for sanctions. Moreover, Defendants did not reveal that they had recovered any messages until November 2—two months after the briefing for Plaintiff's motion was complete. Defendants sought two separate extensions to file their opposition, ECF Nos. 64, 68, representing to the Court that they were seeking "sufficient time to review the imaged data, produce any responsive information, and potentially narrow the issues raised" in Plaintiff's motion. ECF No. 68 ¶ 4. Defendants filed their opposition on August 19, a week after the results of the imaging were uploaded to Relativity. In that brief, Defendants represented that the imaging was complete and that the parties were "await[ing] the results." ECF No. 72 at 4. They did not mention that they were already in the process of reviewing over 130,000 messages that had been recovered from Mr. Ripani's phone—information that could have helped Plaintiffs and the Court better evaluate the issues. Instead, they waited to reveal that information until November 2—but only after the Court ordered them to file a status report on that date. ECF No. 77.

This ruling therefore does not foreclose Plaintiff from filing a motion under another provision for fees associated with the cost of filing its motion for sanctions or any additional discovery that may be necessary now that it has received messages from Mr. Ripani's phone. This ruling also does not address any discovery disputes that may arise from the Defendants' responsiveness determinations, as that issue is not before the Court at this time. Moreover, the motion will be denied without prejudice to refiling should evidence arise related to the 20 items that the Epiq report describes as having been "deleted" from Mr. Ripani's phone.

Accordingly, the Court ORDERS that:

1. Plaintiff's motion for sanctions (ECF No. 63) is DENIED;

2. The parties' motion for extension of time to complete discovery (ECF No. 84) is GRANTED;
3. The discovery deadline is EXTENDED to February 19, 2027; and
4. On February 19, 2027, the parties will submit a joint status report proposing a schedule for any dispositive pretrial motions briefing, and any other motions that the parties deem necessary.

Dated: November 17, 2026

/s/
Adam B. Abelson
United States District Judge